UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

PHILLIP H. SMITH, as President of UNITED UNIVERSITY
PROFESSIONS; UNITED UNIVERSITY PROFESSIONS
MARGARET M. STOLEE; WILLIAM M. SIMONS;
BRUCE T. KUBE; ROBERT E. REES; GRETA J. PETRY;          AFFIDAVIT
LAURA S. RHOADES; and ELEANOR RICHARDS,

                                 Plaintiffs,          Civil Action No.: _____

     -against-

HONORABLE DAVID A. PATERSON, as
Governor of the State of New York; GARY JOHNSON,
as Executive Director of the GOVERNOR'S OFFICE OF
EMPLOYEE RELATIONS; NEW YORK STATE
DEPARTMENT OF AUDIT AND CONTROL; THOMAS P.
DiNAPOLI, as Comptroller of the State of New York;
NANCY L. ZIMPHER, as Chancellor of the State University
of New York; THE STATE UNIVERSITY OF NEW YORK;
and THE STATE OF NEW YORK,

                                 Defendants.

_____

STATE OF NEW YORK    )
                         ) ss.:
COUNTY OF ALBANY    )

     PHILLIP H. SMITH, being duly sworn, deposes and says:

     1.     I am the President of United University Professions ("UUP").

     2.     UUP is the certified, exclusive bargaining representative for collective negotiations

under Article 14 of the Civil Service Law (Civil Service Law sections 200 et seq) for a collective

bargaining unit consisting of the approximately 33,000 members of the State University Professional

Services Negotiating Unit employed by the State University of New York, at its various campus and

hospitals throughout New York.

     3.     I make this affidavit in support of UUP's request for a temporary restraining order

and a preliminary injunction.

4.      Approximately one-third of the UUP members are employed in hospitals.  Their positions involve duties that affect public health and individual health. For example, the UUP membership includes hematologists, infectious disease specialists, and lab technicians.  The furlough plan will cause irreparable harm to plaintiffs and the public.

5.      UUP is currently a party to a collective bargaining agreement with the State of New York, negotiated pursuant to the terms of Article 14 of the New York State Civil Service Law.  The current collective bargaining agreement has a duration of July 2, 2007 through July 1, 2011.

6.      This contract was negotiated in good faith and was duly approved by the governor and the New York State Legislature.  The "furlough plan" enacted by the Legislature substantially impairs this contract.

7.      First, our  collective bargaining agreement contains no provision allowing the governor or any other representative of management to furlough employees or to cut their salaries.

8.      Thus, it effectively adds a new provision to the contract that the parties did not negotiate.

9.      The furlough law also impairs Article 20, which is the compensation provision of the agreement.  This provision sets forth the basic annual salaries of UUP members.  The new law provides for the reduction of those salaries by 20 percent per week for each week in which there is a furlough.

10.     The furlough law also impairs Article 23 of the collective bargaining agreement entitled "Leaves."  Article 23 provides for vacation, sick and other types of leave.  The furlough plan impairs Article 23 by denying employees the ability to use leave to cover their days off.

11.     The furlough law impairs Article 35 of the collective bargaining agreement, entitled "Retrenchment." This article comprehensively sets forth how and when employees in this bargaining unit can be subject to layoff. It does not empower the employer to direct employees to take what is effectively a weekly, one-day lay off.

12.     The furlough law also impairs Article 53 of the collective bargaining agreement. Article 53 provides that ". . . during the term of the collective bargaining agreement, neither party will unilaterally seek to modify its terms through Legislation or by any other means." The furlough law, as discussed above, does change the terms of the collective bargaining agreement by legislative means, in violation of Article 53.

13.     I am informed that the furlough law contains a provision that exempts direct care workers from the furlough. However, upon information and belief, the UUP positions that affect individual health and public health, such as the positions referenced above, do not fall within the "direct care worker" exemption. Upon information and belief, the furlough law creates a serious risk to individual and public health by mandating a 20 percent reduction in the services of such UUP personnel.

14.     The annual salaries of many of the UUP unit members are under $ 60,000. Upon information and belief, a 20 percent reduction in salary is far from *de minimus* for employees in that salary range. They will not have any commensurate reduction in their expenses. Their mortgages and other fixed obligations will remain the same, despite the fact that they will receive only four days pay instead of five.

15.     A number of the SUNY campuses are located in small communities, in which the salaries of the SUNY personnel are to a great extent the hub of the local economy. Upon information

- 3 -

and belief, a 20 percent reduction in the salaries of such personnel will have an adverse effect on the local economy.

16.     Upon information and belief, Governor Paterson has stated that until a state budget is passed, he intends to continue the weekly furlough through further emergency appropriation bills. The impact on the individuals, and the resulting impact on the communities in which they live, will be enormous.

17.     Many part time employees represented by UUP qualify for New York State Health Insurance (NYSHIP), that includes prescription drug coverage, because they earn $13,337 or more between July 2, 2009 and July 1, 2010; and $13,870 or more between July 2, 2010 and July 1, 2011.

18.     Therefore, for these part-time employees in UUP, a 20 percent cut in salary could disqualify these employees for collectively bargained NYSHIP benefits.  Many part time employees are prescribed maintenance medications for chronic conditions.  Deprived of medication these conditions can have life threatening implications.  Alternatively, these part-time employees would be required to pay health insurance premiums out-of-pocket.  Often this is the only employment these members hold and COBRA rates are prohibitively expensive.

19.     Many of the employees in the UUP unit are professors, assistant and associate professors, and instructors whose duties correspond to the academic year of their respective campuses.  The academic year at many of those campuses ends prior to the week of May 17, 2010. Therefore, the imposition of a "furlough" or "work week reduction" with regard to those employees would constitute a taking of compensation for which they have already fully performed their duties.

20.     With regard to the academic year employees who work at campuses where the academic year does not end prior to the week of May 17, 2010, that week coincides with exams, final

- 4 -

papers and grading. A furlough during that week would cause immeasurable and irremediable chaos.

21.     Upon information and belief, the governor and the state have not availed themselves of reasonable alternative means of generating savings. They have not withheld monies due under state contracts other than collective bargaining agreements; they have not raised revenues. They have not used the borrowing tools available to them under State law. They have not mandated a furlough for non-unionized employees. Indeed, they have not agreed on a final State budget, so it is completely premature to determine what cost-saving or revenue enhancing measures will be deemed legal, appropriate or necessary.

22.     Moreover, defendant Paterson has never approached UUP to request negotiations regarding a furlough or any alternative measure to effect cost-savings.

23.     In fact, on Thursday, May 6, 2010, UUP initiated contact with defendant Paterson's staff to request negotiations regarding alternative cost-savings measures.

24.     On May 11, shortly before noon, I was advised by Valerie Grey, the Governor's Director of State Operations, that defendant Paterson declined to enter into any negotiations with UUP regarding alternate cost-savings measures.

25.     I respectfully urge this court to grant plaintiffs a preliminary injunction.

_____
PHILLIP H. SMITH

Sworn to before me this
11th day of May, 2010

_____
Notary Public - State of New York
87372/CWA1141

**TINA M. GEORGE**
Notary Public, State of New York
Registered in Schenectady County
Registration Number 01GE5062842
Commission Expires July 8, 2010

- 5 -